# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**PETER J. DAVIS,**

        **Petitioner,**

    v.                                     CASE NO. 17-3110-SAC

**JAMES HEIMGARTNER,**

        **Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Respondent has moved for dismissal due to petitioner's pending state post-conviction action. Petitioner opposes that motion and instead moves the Court to stay this matter.

Having considered the record, the Court enters the following order.

### Background

In 2001, petitioner was convicted in the District Court of Wyandotte County. On January 30, 2004, the Kansas Supreme Court affirmed his convictions. *State v. Davis*, 83 P.3d 182 (Kan. 2004).

On June 2, 2004, petitioner filed a motion to correct illegal sentence. The district court summarily denied relief on June 22, 2005. Petitioner unsuccessfully appealed that decision. *State v. Davis*, 156 P.3d 665 (Kan. 2007).

On June 5, 2007, petitioner filed a post-conviction action under K.S.A. 60-1507[1]. In 2009, he filed a second action under that provision. The district court considered these applications for

---

[1] Petitioner reports that he submitted this pleading to prison officials for filing on May 4, 2007. The Court has used that date in its analysis in this order.

relief together, summarily dismissed the motions as untimely, and denied relief. In a consolidated appeal, the Kansas Court of Appeals affirmed in 2016. *Davis v. State*, 364 P.3d 1221 (Table), 2016 WL 368002 (Kan. Ct. App., Jan. 29, 2016), *rev. denied*, Jan. 23, 2017.

On December 11, 2017, petitioner executed a third petition in the state district court raising three new grounds for relief which was filed on December 17, 2017[2]. The district court denied relief on February 12, 2018, and petitioner filed a Notice of Appeal on March 15, 2018. To date, that notice has not been docketed in the Kansas Court of Appeals.

**Discussion**

It is settled that a petition for habeas corpus ordinarily "shall not be granted unless it appears that … the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A).

Where, as here, a petitioner presents a mixed petition, that is, one containing both exhausted and unexhausted claims, the Court may "in limited circumstances" allow a "stay and abeyance" to permit the petitioner to complete the exhaustion of his unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269 (2005).

A stay is available where the court determines (1) that there was good cause for the petitioner's failure to exhaust all the claims; (2) that the unexhausted claims are not plainly meritless; and (3) that there is no indication that that the petitioner was intentionally dilatory to prolong the litigation. *See Rhines*, 544 U.S. at 277-78.

---

[2] A copy of the petition is attached to respondent's motion to dismiss and reflects the date the petition was executed (Doc. #9, Attach.). For purposes of this order, the Court has used the date the petition was executed.

**Good cause**

In evaluating the good cause factor, the Court should consider, in part, whether the petitioner has little time remaining on the federal limitation period for filing a petition for habeas corpus. *Doe v. Jones*, 762 F.3d 1174, 1180 (10th Cir. 2014)(limited time remaining on statute is "a significant factor in determining whether a *Rhines* stay is appropriate"). Petitioner satisfies this part of the analysis.

A petition brought under 28 U.S.C. § 2254 is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 28 U.S.C. § 2244(d)(1).
>
> The statute also contains a tolling provision:
>
> The time during which a properly filed application for State post-conviction or other collateral review with respect to

> the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

> 28 U.S.C. § 2244(d)(2).

The petitioner's direct appeal was decided on January 30, 2004. The one-year limitation period began to run on April 30, 2004, after the 90-day period for seeking review in the United States Supreme Court ended. *See* Sup. Ct. R. 13. The limitation period ran until June 2, 2004, when petitioner filed the motion to correct illegal sentence. At that point, 33 days had run on the limitation period, leaving 332 days remaining.

The filing of that motion tolled the limitation period until the Kansas Supreme Court entered its decision on April 27, 2007. The limitation period began to run again on April 28, 2007, and ran until May 4, 2007, the date petitioner reports that he delivered a post-conviction action to prison officials for filing. At this point, six more days had run on the limitation, a total of 39 days, with 326 days remaining.

The filing of the post-conviction action again tolled the limitation period, and it remained tolled until the Kansas Supreme Court entered its decision on January 23, 2017. The limitation period began to run again on January 24, 2017, and was tolled no earlier than December 11, 2017, when petitioner executed the post-conviction action that is now pending in the Kansas courts. This period of 321 days, when added to the 39 days that had already elapsed, totals 360 days. Because petitioner has only five days remaining on the

limitation period, the Court finds this factor militates in favor of a stay.

**Potentially meritorious claims**

A stay is appropriate only if the unexhausted claims are "potentially meritorious" and are not "plainly meritless". *Rhines*, 544 U.S. at 277-78. The Court has reviewed the state post-conviction action submitted by petitioner (Doc. #9, Attach.) and cannot find on the present record that the claims, which allege the ineffective assistance of counsel and the failure to properly preserve claims for review, are plainly meritless.

**Was petitioner intentionally dilatory?**

Under *Rhines*, "[i]f a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." *Rhines*, 544 U.S. at 278. The *Rhines* Court cautioned that a federal district court should not stay a mixed petition indefinitely, *id*. at 277, and should be mindful that the petitioner is proceeding at a reasonable pace in pursuing unexhausted claims. *Id*. Here, petitioner is awaiting the docketing of his appeal in the Kansas Court of Appeals, and there is no apparent failure to proceed.

## Conclusion

Having considered the record, the Court concludes that a stay and abeyance is warranted in this matter. First, it appears that petitioner has only a short time remaining on the limitation period, so that the dismissal of this action without prejudice would likely render him unable to timely file a second petition. Next, because

petitioner is pursuing relief in the state courts, the state court records likely will not be available to respondent in the near future. Third, the present record does not allow the Court to determine that petitioner's unexhausted claims are wholly without merit. Finally, it does not appear that petitioner has deliberately delayed his pursuit of relief in the state courts.

Accordingly, the Court will stay this matter but directs petitioner to file a status report on or before **October 22, 2018.**

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motions to alter or amend and to stay this matter (Docs. #6 and #10) are granted.

IT IS FURTHER ORDERED respondent's motion to dismiss (Doc. #9) is denied.

IT IS FURTHER ORDERED this matter is stayed subject to further order of the Court, and petitioner is ordered to file a status report on or before **October 22, 2018.**

**IT IS SO ORDERED.**

DATED: This 22nd day of August, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge