```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**PETER J. DAVIS,**

                        **Petitioner,**

        v.                                          CASE NO. 17-3110-SAC

**JAMES HEIMGARTNER,**

                        **Respondent.**

## ORDER TO SHOW CAUSE

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Previously, the court stayed this matter and directed petitioner to provide status reports concerning his ongoing state court proceedings. The court has considered the record, lifts the stay, and directs petitioner to show cause why this matter should not be dismissed.

### Background

Petitioner was convicted in the District Court of Wyandotte County of first-degree murder, attempted first-degree murder, and conspiracy to commit first-degree murder. He was sentenced to a term of life in prison plus 117 months. The Kansas Supreme Court affirmed the convictions. *State v. Davis*, 83 P.3d 182 (Kan. 2004). Petitioner then filed a motion to correct illegal sentence. The district court denied the motion, and the decision was affirmed on appeal. *State v. Davis*, 156 P.3d 665 (Kan. 2007).

In 2007, petitioner filed a motion under K.S.A. 60-1507. In 2009, he filed another motion under that provision, and his counsel filed a supplemental motion. The district t court considered the motions together, and, after hearing testimony and directing written

argument, summarily dismissed the motions as untimely. The Kansas Court of Appeals affirmed that decision. *Davis v. State*, 36 P.3d 1221 (Kan. Ct. App. 2016), *rev. denied*, Jan. 23, 2017.

Petitioner filed the present petition on July 5, 2017.

**Discussion**

This petition is subject to the one-year limitation period established by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) The date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) The date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) The date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) The date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The limitation period ordinarily runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Under Supreme Court law, "direct review" concludes when the availability of direct appeal to the state courts and request for review to the Supreme Court have been

exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The Rules of the Supreme Court allow ninety days from the date of the conclusion of direct appeal to seek certiorari. U.S. S. Ct. Rule 13.1. "If a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after his direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (10th Cir. 2003) (internal quotations omitted). The one-year period of limitation begins to run the day after a conviction is final. *See Harris v. Dinwiddie*, 642 F.3d 902, 906-07 n.6 (10th Cir. 2011).

> The statute also contains a tolling provision:
>
> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
>
> 28 U.S.C. § 2244(d)(2).

In addition, the one-year limitation period is subject to equitable tolling in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (2000)(internal quotation marks omitted). This remedy is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "for example, when a prisoner is actually innocent, when an adversary's conduct – or other uncontrollable

circumstances – prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson, id.*

Here, petitioner's direct review concluded ninety days after the Kansas Supreme Court affirmed his convictions on January 30, 2004, and remained tolled until the Kansas Supreme Court affirmed the denial of the motion to correct illegal sentence on April 27, 2007. The limitation period began to run again on the following day.

Where an action has been rejected as untimely, it does not qualify as a "properly filed" application for State post-conviction relief within the meaning of 28 U.S.C. § 2244(d)(2) and does not, therefore, toll the one-year statute of limitations for filing a federal habeas petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). The Kansas courts determined the petitioner's motions filed under K.S.A. 60-1507 in 2007 and 2009 were not timely filed. *Davis v. State*, 365 P.3d at *2 ("We … find no support for Davis' argument that his motion to correct an illegal sentence should be construed as a direct appeal, and we agree that his K.S.A. 60-1507 motions were untimely."). Accordingly, the motions filed in 2007 and 2009 did not toll the limitation period, and the present petition,

filed in 2017, is time-barred unless petitioner can show that he is entitled to equitable tolling.

### Order to Show Cause

For the reasons set forth, the court directs petitioner to show cause why this matter should not be dismissed as barred by the limitation period. The failure to file a timely response will result in the dismissal of this matter.

IT IS, THEREFORE, BY THE COURT ORDERED the stay in this matter is lifted, and petitioner is granted to and including **November 8, 2021,** to show cause why this matter should not be dismissed as time-barred.

**IT IS SO ORDERED.**

DATED:  This 6th day of October, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge